IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GLORIA S. JACKSON,

    Plaintiff,

vs.                                                 No. 16-2330-JDT-dkv

RICHARD RUSSO and
JEFF KOONTZ,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On May 11, 2016, the plaintiff, Gloria S. Jackson ("Jackson"), a resident of Senatobia, Mississippi, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 12, 2016, the court issued an order granting Jackson's motion for leave to proceed *in forma pauperis*. (ECF No. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim and for improper venue pursuant to 28 U.S.C. § 1406(a).

I.    PROPOSED FINDINGS OF FACT

Jackson filed her complaint on a court-supplied form "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against Richard Russo and Jeff Koontz. (Comp., ECF No. 1.) In her complaint, Jackson states that:

> Richard Russo has violated my son JJ's right to develop his natural talents in football (1) by not promoting him in an effort to provide quality playing time on the field so that he can be seen by prospective recruiters [and] by denying him or recommending him for scholarships which were available; (2) by conspiring with his friend Jeff Koontz to destroy his athletic career by not giving him quality playing time and at the most inappropriate time kicking him off the team; after JJ has missed no practices, done excellent in practice and was red-shirted for development [illegible handwriting] he already was as good or better than the rest.

(*Id.* ¶ IV.) Attached to the complaint is a one-page undated, typewritten document which Jackson identifies as her son's "credentials." (Ex. A, ECF No. 1-1.) This documents shows his school attendance from daycare in 2003 through expected high school graduation date of May 2015 from Independence High School in Independence, Mississippi. The document also includes a list of awards and activities dated 2009 through 2014.

The defendant Richard Russo is identified by Jackson in the complaint as the coach at Independence High School in Independence, Mississippi, and Jeff Koontz is identified by Jackson as the coach at Holmes Community College which is located in Goodman, Mississippi. (Compl. ¶ III, ECF No. 1.) For relief, Jackson seeks to have the court "[r]einstate my son in good standings with anywhere he wants

2

to go to school[.]  Examine his credentials, which are enclosed. Make these two coaches pay $250,000 each for pain and suffering, mental anguish, manipulation and conspiracy to destroy his career and potential for quality life and livelihood.  And for holding him back from development of his talents and utizing [sic] his skills toward future quality of life." (*Id.* ¶ V.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Because Jackson has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening as to her claims against the defendants.

B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  "A complaint can be frivolous either factually or legally.  Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted."  *Hill*, 630

F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her");

5

*cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. *Standing*

As an initial matter, the court must determine whether Jackson has standing to bring this case on behalf of her son.  Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case.  *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).  Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C. § 1654.  That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added).  Federal courts have long held that § 1654

6

preserves a party's right to proceed *pro se*, but only on his own claims. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)("[B]ecause *pro se* mean to appear for one's self, a person may not appear on another person's behalf in the other's cause."). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

"Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *Johns v. Cty. of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997)("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *see also Chochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."). Only a licensed attorney may represent other persons. The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). "The plaintiff must be the proper

7

proponent of the rights on which the action is based." *Cochran*, 1994 WL 28648, at * 3 (citing *Haskell v. Washington Township,* 864 F.2d 1266, 1275-76 (6th Cir. 1988)).

Here, Jackson is attempting to bring a claim on behalf of her son. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her son. In addition, her son is not a minor. Jackson states in her affidavit under penalty of perjury in support of her application to proceed *in forma pauperis* that her son is 18 years old. (Appl. 3, ECF No. 2.) Thus, Jackson lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

D.  *Improper Venue*

Venue is also improper in this district court. The federal venue statute, 28 U.S.C. § 1391, governs venue of all civil actions brought in the district courts of the United States. It provides in pertinent part:

> (b) Venue in general. – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any

> judicial district in which any defendant is subject
> to the court's personal jurisdiction with respect to
> such action.

28 U.S.C. § 1391(b).

In the complaint, Jackson states her residence address is 1599 Lyles Road, Senatobia, Mississippi. (Compl. ¶ II, ECF No. 1.) She does not list addresses for the two defendants, only that they are coaches at a high school and community college in Mississippi. The events of which she complains all occurred in Mississippi.

If a plaintiff files a case in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has broad discretion in deciding whether to dismiss or transfer a case. *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). Because the impropriety of the current venue is so obvious from the face of the complaint and Jackson lacks standing to bring this claim, the court recommends dismissal of Jackson's action for improper venue as well. *See Friend v. Sowders*, 7 F.3d 233 (6th Cir. 1993)(dismissing without prejudice, rather than transferring, for improper venue). This is not a situation where it would be in the interest of justice to transfer this case to another district. Dismissal is appropriate where this venue requirement has not been satisfied. *See, e.g., Ryan*

*v. Brady*, 776 F. Supp. 1, 2 (D.D.C. 1991), *aff'd on other grounds mem.*, 978 F.2d 744 (D.C. Cir. 1992).[1]

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* against the defendants for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted and for improper venue pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 13th day of May, 2016.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[1] Jackson will have an opportunity to point out the basis for venue in her objections to the district court which are due within fourteen days after being served with a copy of this report and recommendation. *See Guava, LLC v. Doe*, No. 1:12 CV 02512, 2013 WL 950044, at *5 (N.D. Ohio Mar. 11, 2013)(stating that the plaintiff had the opportunity to point out the basis for venue in his Motion for Relief from Judgment); *Lyons v. Jameson*, 08-CV-11885, 2008 WL 4387092, at *2 (E.D. Mich. Sept. 24, 2008); *Barney v. Palmer*, No. 07-14818, 2008 WL 2858524, at *2-3 (E.D. Mich. July 22, 2008)(citing *Carver*); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393-94 (E.D. Mich. 1982).