IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GLORIA S. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2330-JDT-dkv |
| | ) | |
| RICHARD RUSSO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 11, 2016, Plaintiff Gloria S. Jackson, a resident of Senatobia, Mississippi, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on May 12, 2016. (ECF No. 4.) On May 13, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended dismissing the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for improper venue pursuant to 28 U.S.C. § 1406(a). (ECF No. 5.) Objections to the R&R were due within fourteen days, on or before May 31, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

Plaintiff has sued Richard Russo, identified as the football coach at Independence High School in Independence, Mississippi, and Jeff Koontz, the coach at Holmes Community College, which is located in Goodman, Mississippi. She seeks to bring claims on behalf of her son, alleging that Defendant Russo "violated my son JJ's right to develop his natural talents in football" by not giving him sufficient playing time on the field and denying him or not recommending him for scholarships. (ECF No. 1 at 2.) Plaintiff further alleges that Russo conspired with his friend, Defendant Koontz, to destroy her son's athletic career by not giving him quality playing time and kicking him off the team. (*Id.*)

Magistrate Judge Vescovo first noted in the R&R that a *pro se* litigant can assert claims in federal court on his or her own behalf but may not appear on another person's behalf. *See* 28 U.S.C. § 1654. Even the parent of a minor child may not, in many cases, bring a *pro se* action on behalf of the child. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Furthermore, in this case, Plaintiff indicated in her *in forma pauperis* affidavit that her son was an 18-year- old adult. (ECF No. 2 at 3.) Therefore, if Plaintiff's son wishes to bring his own lawsuit against Defendants Russo and Koontz, he may do do; however, Plaintiff cannot litigate the claims for him in federal court.

The Magistrate Judge also determined, pursuant to 28 U.S.C. § 1391(b), that even if Plaintiff had standing to bring the suit, venue would not be appropriate in this district. Instead, the case should have been brought in Mississippi. A district court may transfer a case which is brought in the wrong district to an appropriate district instead of dismissing "if it be in the interest of justice." 28 U.S.C. § 1406(a). However, because Plaintiff has no

standing to bring the claims in this case on behalf of her son, Magistrate Judge Vescovo found that transfer is not warranted in the interest of justice.

The Court finds no error in Magistrate Judge Vescovo's conclusions. Therefore, the Court ADOPTS the R&R and DISMISSES this case for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for improper venue pursuant to 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, she must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE